UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


QUINTON JAMAL DANIELS,

      Plaintiff,

v.

                              Case No. 2:20-cv-235

ERICA HUSS,
                              Hon. Hala Y. Jarbou

      Defendant.

_____/

## **ORDER**

This is an action under 28 U.S.C. § 1983 brought by a prisoner proceeding *in forma pauperis*. Plaintiff Quinton Jamal Daniels alleges that Erica Huss, warden of the Marquette Branch Prison in the Michigan Department of Corrections (MDOC), recognized the danger posed by COVID-19, but failed to quarantine sick prisoners and staff as the virus spread through the prison. (Compl., ECF No. 1, PageID.3.) Warden Huss moved for summary judgment, arguing that Daniels had failed to properly exhaust his claim through the grievance process. (ECF No. 13.)

The motion was referred to a magistrate judge, who produced a Report & Recommendation (R&R, ECF No. 21). The R&R found Huss took an "inconsistent position" in arguing that Daniels failed to exhaust by grieving his issues through Step III of the grievance process when his Step II appeal was denied on the ground that his complaint was non-grieveable. (*Id.*, PageID.111.) Thus, the R&R recommended denying Huss's motion. However, the R&R also recommended dismissing Daniels' complaint for failing to properly assert any claim that this Court would have jurisdiction to adjudicate. (*See id.*, PageID.121.) Daniels timely objected to the latter recommendation. (ECF No. 24.) Huss did not file any objections.

### A. The R&R's Recommendation of Dismissal

Courts must read *pro se* pleadings "indulgently." *Patterson v. Godward*, 370 F. App'x 608, 609 (6th Cir. 2010) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Following this directive, the R&R construed two possible claims arising from Daniels' complaint: (1) a state law negligence claim; and (2) an Eighth Amendment deliberate indifference claim.   (R&R, PageID.112-113.)   The R&R reasoned that a negligence claim could only be heard through supplemental jurisdiction, that is, only if Daniels successfully stated an Eighth Amendment claim. (*Id.*, PageID.112.)

With respect to the Eighth Amendment claim, the R&R noted that the dangers of COVID-19 satisfied the objective prong of Eighth Amendment claims.  (*Id.*, PageID.115 (citing *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020)).)  But the magistrate judge found that Daniels "failed to make any allegations against Warden Huss that could" satisfy the subjective prong of "deliberate indifference to [Daniels'] serious medical needs under the Eighth Amendment." (*Id.*, PageID.120.)  Thus, the R&R recommended dismissing the complaint because Daniels had failed to state an Eighth Amendment claim, which also deprived the Court of jurisdiction to hear his negligence claim.  Daniels objected to this recommendation.

### B. Objections to R&Rs

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

**C. Daniels' Objections**

Daniels argues that he could not have simply stated that Huss was deliberately indifferent because his complaint form expressly forbids plaintiffs from making "any legal arguments." (Pl.'s Objs., PageID.138.) He is correct. Indeed, the bare allegation that Huss was deliberately indifferent would constitute a legal conclusion and do nothing toward stating a proper claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.") Instead, the question is whether the factual allegations in Daniels' complaint permit a "reasonable inference" that Huss was deliberately indifferent. *Id.* at 678. They do.

In his complaint, Daniels alleges that Huss was aware of COVID-19 "before the outbreak" occurred at the prison. (Compl., PageID.3.) Nevertheless, she allegedly did not "remove or [q]uarantine" prisoners who tested positive for coronavirus. (*Id.*) Huss also "knew that some of her staff" were exposed to COVID-19 but "didn't care for the safety of staff or prisoners." (*Id.*) Daniels alleges that Huss did not treat his life "as being [as] important" as her own and promised to take certain mitigating actions but never did. (*Id.*) Eventually, Daniels himself contracted COVID-19 at the prison. (*Id.*) His complaint does not state any actions Huss took to prevent the spread of the virus.

Assuming the truth of these allegations and drawing inferences in Daniels' favor, his complaint plausibly states an Eighth Amendment deliberate indifference claim. There was an objectively dangerous risk—coronavirus—and Huss exhibited deliberate indifference towards that risk by failing to quarantine sick prisoners and staff. The R&R mentions some written policies that the MDOC has issued in response to the COVID-19 pandemic, at least one of which requires quarantining prisoners who have been infected with COVID-19. However, the existence of those policies does not refute Daniels' allegation that Huss did not quarantine infected prisoners. Indeed,

assuming Daniels' allegation is true, as the Court must at this stage, those policies lend support to a claim that, by failing to take such measures, Huss was aware of the risks and was deliberately indifferent to them.  The complaint is sufficient.

Accordingly,

**IT IS ORDERED** that the R&R is **ADOPTED IN PART** and **REJECTED IN PART**. The R&R is **ADOPTED** with respect to its recommendation that Defendant's motion for summary judgment be denied.  The R&R is **REJECTED** with respect to its recommendation that Plaintiff's complaint (ECF No. 1) be dismissed.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 13) is **DENIED**.

Dated:   May 27, 2021                              /s/ Hala Y. Jarbou
                                                  HALA Y. JARBOU
                                                  UNITED STATES DISTRICT JUDGE

4