UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

QUINTON JAMAL DANIELS,

    Plaintiff,

v.

ERICA HUSS,

    Defendant.

_____/

Case No. 2:20-cv-235

Hon. Hala Y. Jarbou

## ORDER

On September 1, 2022, the magistrate judge issued a Report and Recommendation (R&R, ECF No. 64) recommending that the Court deny Defendant Erica Huss's Motion for Summary Judgment (ECF No. 44). Before the Court is Defendant's objection to the R&R (ECF No. 66) and Plaintiff's motion to appoint counsel (ECF No. 65).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). The Court granted in part Plaintiff's motion for an extension of time to file a response or objection and extended Plaintiff's deadline to September 26, 2022. (9/16/2022 Order, ECF No. 66.) This deadline has passed, and Plaintiff has not filed a response or objection.

### I.  BACKGROUND

Plaintiff Quinton Jamal Daniels alleges that Defendant, warden of the Marquette Branch Prison (MBP) in the Michigan Department of Corrections (MDOC), recognized the danger posed by COVID-19, but failed to quarantine sick prisoners and staff as the virus spread through the prison. (Compl., ECF No. 1, PageID.3.) Plaintiff asserted that staff did not comply with MDOC

COVID-19 policies, including returning to work while COVID-positive, and that "prisoners in close proximity to the[] COVID-positive prisoners were not isolated and that kitchen porters, grounds workers and unit porters continued to circulate in the prison even after the October 5 lockdown went into effect." (R&R 13.) Plaintiff himself contracted COVID-19 in October 2020.

The magistrate judge recommended dismissing Plaintiff's claims against Defendant in her official capacity based on Eleventh Amendment immunity. On the other hand, the magistrate judge recommended that the Eighth Amendment deliberate indifference claim should proceed against Defendant because a genuine issue of material fact exists regarding whether Defendant knew staff members were not complying with safety procedures, and that Defendant is not entitled to qualified immunity. The R&R primarily relied on Plaintiff's verified response to the motion for summary judgment and Defendant's declaration where she stated:

> 2. As the Warden, I am involved daily in the implementation of all MDOC policies and directives for preventing the spread of COVID-19 within MBP. Through this role, I have personal knowledge regarding the numerous measures that were swiftly implemented and continued at MBP to minimize and manage the spread of COVID-19.

(Huss Decl., ECF No. 45-3, PageID.300.) The R&R found that Plaintiff's version of the facts and Defendant's statement created a genuine dispute regarding Defendant's personal knowledge and direct involvement in the implementation of the policies and practices at MBP.

## II. DEFENDANT'S OBJECTIONS

Several of Defendant's objections relate to the determination that there is evidence to support a disputed issue of fact as to her knowledge. First, Defendant objects to the finding that a disputed issue exists regarding whether staff members continued to work while COVID-positive. Defendant argues that Plaintiff has provided no evidence that any staff members did so. Defendant also points out that Plaintiff could only provide the name of one staff member who was COVID-positive but admitted that this person did not return to work. (Daniels Dep. 50-51, ECF No. 45-

2

2.)  The R&R does not point to any specific evidence to support the allegation that COVID-positive staff members returned to work.  Therefore, the Court will sustain Defendant's objection.

Next, Defendant objects to the determination that her declaration can support a reasonable inference that she had personal knowledge that COVID-19 policies were not complied with.  The Court agrees with Defendant that her statement that she has "personal knowledge regarding the numerous measures" implemented in response to COVID-19 is not evidence that could support a reasonable inference that Defendant had personal knowledge that staff were in fact not complying with these measures and policies.  More facts are necessary to support such an inference.

Defendant's next objections address the R&R's qualified immunity analysis.  Government officials are entitled to qualified immunity "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).  The plaintiff bears the burden of showing that the officer is not entitled to qualified immunity.  *See LeFever v. Ferguson*, 645 F. App'x 438, 442 (6th Cir. 2016).

Plaintiff has not provided evidence that Defendant had personal knowledge or direct involvement with any alleged constitutional violations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").  Therefore, Defendant is entitled to qualified immunity under the first prong.

Defendant is also entitled to qualified immunity under the second prong.  The R&R did not address the second prong of qualified immunity because it found that Plaintiff had established a genuine issue of material fact regarding whether Defendant "violated his rights by being deliberately indifferent to his risk of COVID-19 at MBP." (R&R 19.)  It is Plaintiff's burden to

3

show that Defendant is not entitled to qualified immunity.  Plaintiff has not provided any support that Defendant, by either her actions or failures to act in the handling of the COVID-19 pandemic at MBP, violated clearly established law.

Defendant also objects to the R&R's application of *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020) and the R&R's use of Plaintiff's verified response as admissible evidence.  The Court will overrule those objections as moot because Defendant is entitled to qualified immunity.

Accordingly,

**IT IS ORDERED** Defendant's objection (ECF No. 66) is **SUSTAINED IN PART** and **OVERRULED IN PART**.  Defendant's objection is sustained as to qualified immunity and the R&R's finding of a genuine issue of material fact regarding Defendant's personal knowledge of non-compliance with COVID-19 policies.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 64) is **ADOPTED IN PART** and **REJECTED IN PART**.  The R&R is rejected insofar as it recommends finding a genuine issue of material fact based on Defendant Huss's declaration and its qualified immunity analysis.

**IT IS FURTHER ORDERED** that Defendant Huss's motion for summary judgment (ECF No. 44) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel for trial (ECF No. 65) is **DENIED** as **MOOT**.

The Court will enter a judgment in accordance with this Order.

Dated: September 27, 2022        /s/ Hala Y. Jarbou
                                 HALA Y. JARBOU
                                 CHIEF UNITED STATES DISTRICT JUDGE